57-8438-00-4

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FIRST SPECIALTY INSURANCE CORPORATION, | ) ) ) | |
| Plaintiff(s) | ) ) | No. 07 C 6248 |
| v. | ) ) | Judge: GOTTSCHALL |
| SMURFIT-STONE CONTAINER ENTERPRISES f/k/a SMURFIT-STONE CONTAINER CORPORATION, | ) ) ) | |
| Defendant(s) | ) | |

## ANSWER TO COMPLAINT AND COUNTERCLAIM OF SMURFIT-STONE CONTAINER ENTERPRISES, INC.

NOW COMES Defendant, SMURFIT-STONE CONTAINER ENTERPRISES, INC.,

incorrectly sued as SMURFIT-STONE CONTAINER ENTERPRISES f/k/a SMURFIT-STONE

CONTAINER CORPORATION ("Smurfit"), by and through its counsel, CLAUSEN MILLER

P.C., and for its Answer and Counterclaim to Plaintiff's Complaint, states as follows:

### THE PARTIES

1.     First Specialty Insurance Corporation ("Plaintiff") is a Missouri corporation with

its principal place of business in Overland Park, Kansas.

**ANSWER:**     Smurfit lacks knowledge or information sufficient to form a belief as to the truth of the allegations within paragraph 1 and therefore, neither admits nor denies the same.

2.     Defendant Smurfit-Stone Container Enterprises f/k/a Smurfit-Stone Container Corporation ("Smurfit") is a Delaware corporation with its principal place of business and corporate headquarters located in Chicago, Illinois.

**ANSWER:**    Smurfit admits only that Smurfit-Stone Container Enterprises, Inc. is a Delaware corporation with its principle place of business in Chicago, Illinois. Smurfit denies that it was formerly known as Smurfit-Stone Container Corporation.

3.     Jurisdiction over this matter is predicated upon 28 U.S.C. § 1332, based on diversity of citizenship. The amount in controversy exceeds $75,000.

**ANSWER:**    Allegations regarding jurisdiction are legal conclusions to which Smurfit is not obligated to respond.

4.     Venue of this action is predicated upon 28 U.S.C. § 1391.

**ANSWER:**    Allegations regarding venue are legal conclusions to which Smurfit is not obligated to respond.

## NATURE OF COMPLAINT

5.     This complaint seeks a declaration regarding insurance coverage claimed by Smurfit in connection with an underlying bodily injury lawsuit brought by Peter Adams ("Adams") in the Circuit Court of the Fourth Judicial Circuit, Duval County, Florida.

**ANSWER:**    Smurfit states that the nature of Plaintiff's action speaks for itself.

6.     FSIC disputes that it has any obligation pursuant to the relevant policy of insurance to defend or indemnity Smurfit in connection with the claim as more fully set forth below.

**ANSWER:**    Smurfit admits only that Plaintiff is disputing coverage. Smurfit denies any allegations which state or imply that there is no coverage under the Policy.

1156285.1

## EVENTS GIVING RISE TO THE DISPUTE

7.      The instant claim relates to Smurfit's demand for coverage in relation to injuries suffered by Adams as a result of a fall on or about December 2, 2002 at a Smurfit facility located at 9469 Eastport Road in Jacksonville, Florida (the "Smurfit Facility").

**ANSWER:**    Smurfit admits only that it seeks insurance coverage from Plaintiff in relation to injuries allegedly suffered by Adams as a result of a fall at the Smurfit Facility. Smurfit denies that the fall took place on December 2, 2002.

8.      Adams was injured at the Smurfit Facility when he fell from the back of a trailer as he was in the process of inspecting it and moving it to the loading dock at the Smurfit Facility.

**ANSWER:**    Smurfit admits only that Adams was injured while in the process of inspecting the trailer. Smurfit denies the remaining allegations within paragraph 8.

9.      In December 2006, Adams filed a complaint, styled as *Peter Adams v. Stone-Container Corporation n/k/a Smurfit-Stone Container Enterprises, Inc.*, Case No. 2006 CA 008620 in the Circuit Court of the Fourth Judicial Circuit, Duval County, Florida. A copy of the Complaint filed by Adams (the "Adams Complaint") is attached hereto as Exhibit A.

**ANSWER:**    Smurfit states that the Adams Complaint speaks for itself and denies the allegations within paragraph 9 to the extent that they are inconsistent with the Adams Complaint.

10.      Adams alleges in the Adams Complaint that Smurfit's negligence caused or contributed to his injuries and, therefore, he seeks to recover damages from Smurfit.

**ANSWER:**    Smurfit states that the Adams Complaint speaks for itself and denies any allegations within paragraph 10 to the extent that they are inconsistent with the Adams Complaint.

11.      Upon information and belief, prior to his injury, Adams was employed by an entity known as Core Carriers, which was purchased by National Freight, operating thereafter as National Freight d/b/a Core Carriers.

**ANSWER:**    Smurfit admits the allegations of paragraph 11.

3

12.     Adams alleges in the Adams Complaint that, at all relevant times, he was an employee of National Freight.

**ANSWER:**     Smurfit admits the allegations of paragraph 12.

13.     According to the allegations of the Adams Complaint, Adams was injured while working at the Smurfit Facility according to the terms of a manpower leasing contract between Stone Container Corporation and Core Carriers.  A copy of the Contract is attached hereto as Exhibit B.

**ANSWER:**     Smurfit states that the Adams Complaint speaks for itself and denies any allegations within paragraph 13 to the extent that they are inconsistent with the Adams Complaint.  Smurfit further admits that a copy of the Contract is attached to the complaint as Exhibit B.

14.     Upon information and belief, Smurfit contends that it is entitled to assert and/or enforce the terms of the Contract by virtue of a corporate transaction and/or its corporate relationship with Stone Container Corporation.

**ANSWER:**     Smurfit admits the allegations within paragraph 14.

15.     In June 2007, Smurfit sent a letter to National Freight demanding that it defend Smurfit with respect to the Adams Complaint.  Smurfit also demanded that FSIC be placed on notice of Smurfit's claim for insurance coverage.  A copy of the June 2007 letter from Smurfit is attached hereto as Exhibit C.

**ANSWER:**     Smurfit admits only that it sent a letter to National Freight on June 2007 which is attached to the complaint as Exhibit C and states that the letter speaks for itself. Smurfit denies the allegations within paragraph 15 to the extent they are inconsistent with the letter.

16.    Upon information and belief, Smurfit's demand is based on the terms of the Contract relating to insurance obligations to be met by Core Carriers, obligations allegedly now owed by National Freight, Inc. d/b/a Core Carriers.

**ANSWER:**    Smurfit admits that its demand for coverage is based in part on the terms of the Contract. Smurfit further states that the Contract speaks for itself and denies any allegations within paragraph 16 to the extent that they are inconsistent with the terms of the Contract.

17.    Smurfit contends that the terms of the Contract entitle it to coverage with respect to the Adams Complaint as an additional insured under a policy of insurance issued by Plaintiff to Vineland Construction, Inc., a policy on which National Freight, Inc. d/b/a Core Carriers is also listed as a named insured.

**ANSWER:**    Smurfit admits the allegations within paragraph 17.

18.    FSIC disputes that Smurfit is entitled to coverage with respect to the Adams Complaint or in any other manner relating to Adams' injuries.

**ANSWER:**    Smurfit admits only that Plaintiff has disputed coverage for the claim made by Smurfit pertaining to the Adams Complaint.

## THE FSIC POLICY

19.    FSIC issued Policy No. IRG 49032 (the "Policy") to Vineland Construction, Inc. of Hebron, Ohio for the policy period of October 1, 2002 to October 1, 2003. A copy of the Policy is attached hereto as Exhibit D.

**ANSWER:**    Smurfit admits the allegations within paragraph 19.

20.     Subject to the applicable terms, conditions and exclusions, the Policy provides commercial general liability coverage with limits of liability of $1,000,000 per occurrence. The coverage provided applies in excess of a $50,000 per occurrence Self-Insured Retention ("SIR"). The SIR is eroded by both defense and loss payments and does not reduce the limits of liability.

**ANSWER:**     Smurfit states that the Policy affords coverage per its terms, provisions and conditions and the Policy speaks for itself. Smurfit denies any allegations within paragraph 20 to the extent they are inconsistent with the terms of the Policy.

21.     The Policy contains an endorsement which adds 29 additional entities to the Policy as named insureds. Included in that list of additional parties is "National Freight, Inc. d/b/a Core Carriers."

**ANSWER:**     Smurfit states that the Policy affords coverage per its terms, provisions and conditions and the Policy speaks for itself. Smurfit denies any allegations within paragraph 21 to the extent they are inconsistent with the terms of the Policy.

22.     Employees of the named insureds also qualify as insureds under the Policy in relation to acts within the scope of their employment by the named insured or while performing duties related to the conduct of the insured's business.

**ANSWER:**     Smurfit states that the Policy affords coverage per its terms, provisions and conditions and the Policy speaks for itself. Smurfit denies any allegations within paragraph 22 to the extent they are inconsistent with the terms of the Policy.

23.     The relevant insuring agreement found in the Policy provides that FSIC will pay those sums that the insured becomes legally obligated to pay as damages to which the insurance applies which arise out of "bodily injury" that occurs during the policy period and is caused by an "occurrence." The insuring agreement also provides that FSIC has the right and duty to defend any "suit" seeking those damages.

**ANSWER:**     Smurfit states that the Policy affords coverage per its terms, provisions and conditions and the Policy speaks for itself. Smurfit denies any allegations within paragraph 23 to the extent they are inconsistent with the terms of the Policy.

24.     The coverage afforded by the Policy is limited by endorsement, Form CG 21 44

07 98 (hereinafter the "Designated Premises Endorsement") to covered damages arising out of

the ownership, maintenance, or use of the premises shown in the Schedule listed on the

endorsement and to operations necessary or incidental to those premises.  The pertinent version

of the Designated Premises Endorsement includes the phrase "as per on file with the company"

in the Schedule.

**ANSWER:**    Smurfit admits only that the Policy contains two Designated Premises
Endorsements and that the endorsements speak for themselves.  Smurfit denies
any allegations within paragraph 24 to the extent they are inconsistent with the
terms of the Policy.

25.     The Smurfit Facility is not listed as a designated premises on the Designated

Premises Endorsement nor is it listed in FSIC's file relating to the Policy.

**ANSWER:**    Smurfit admits only that the Policy contains two Designated Premises
Endorsements and that the endorsements speak for themselves.  Smurfit denies
any allegations within paragraph 25 to the extent they are inconsistent with the
terms of the Policy.

26.     The Policy contains the following exclusions, quoted in pertinent part, that are

applicable to Smurfit's demand for coverage:

e.     Employer's Liability

"Bodily injury" to:

(1)     An "employee" of the insured sustained in the "workplace;"
(2)     An "employee" of the insured arising out of the performance of duties
related to the conduct of the insured's business; or
(3)     The spouse, child, parent, brother or sister of that "employee" as a
consequence of Paragraphs (1) or (2) above.

This exclusion applies:

(1)     Whether the insured may be liable as an employer or in any other
capacity; and
(2)     To any obligation to share damages with or repay someone else who must
pay damages because of the injury.

1156285.1

This exclusion does not apply to liability assumed by the insured under an "insured contract."

g.    Aircraft, Auto or Watercraft

"Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading."

*    *    *

**ANSWER:**    Smurfit admits only that the Policy contains an Employer's Liability exclusion and an Aircraft, Auto or Watercraft exclusion and that the exclusions speak for themselves. Smurfit denies any allegations within paragraph 26 to the extent they are inconsistent with the terms of the Policy.

27.    FSIC's obligations under the policy are affected by the inclusion of an endorsement regarding coverage afforded to additional insureds (hereinafter the "Additional Insured Endorsement"). This endorsement, consisting of form CG 2010 10 93, provides in relevant part as follows:

SCHEDULE

Name of person or organization:

Any person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy.

*    *    *

WHO IS AN INSURED (Section II) is amended to include as an insured the person or organization shown in the Schedule, but only with respect to liability arising out of your ongoing operations performed for that insured.

**ANSWER:**    Smurfit admits only that the Policy contains an endorsement identified as CG 20 10 10 93 and the endorsement speaks for itself. Smurfit denies any allegations within paragraph 27 to the extent they are inconsistent with the terms of the Policy.

1156285.1

28.     FSIC's coverage obligations are also affected by an insured's performance of its obligations under the Policy.  In particular, the insured is required to provide timely notice of "occurrences," "claims" and "suits" pursuant to the following language:

2.     Duties in the Event of "Occurrence," "Claim" or "Suit"

a.     You must see to that the Claims Service Company is notified promptly of an "occurrence" which may result in a "claim." Notice should include:

(1)     How, when and where the "occurrence" took place; and
(2)     The names and addresses of any injured persons and witnesses.

b.     You must see to it that we are notified promptly of an "occurrence" which may result in a "claim," that is likely to involve this policy or which involves fatalities, spinal injuries, head injuries, loss of limb, and other serious "bodily injury," irrespective of liability or reserve.  Notice should include:

(1)     How, when and where the "occurrence" took place; and
(2)     The names and addresses of any injured persons and witnesses.  Failure to notify us of any act or omission which, at the time of its happening, did not appear to give rise to a "claim" hereunder, shall not prejudice such "claim."

You and any other involved insured must also:

(1)     Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the "claim" or "suit;"
(2)     Authorize us to obtain records and other information;
(3)     Cooperate with us in the investigation or settlement of the claim or "suit;" and
(4)     Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

c.     If "claim" is made or "suit" is brought against any Insured involving this policy, you must see to it that we receive prompt written notice of the "claim" or "suit."

1156285.1

**ANSWER:**    Smurfit admits only that the Policy contains a provision entitled "Duties in The Event of Occurrence, Offense, Claim or Suit" and that the provision speaks for itself.  Smurfit denies any allegations within paragraph 28 to the extent they are inconsistent with the terms of the Policy.

29.    FSIC's coverage obligations under the Policy are also affected by the availability

of other insurance through the following pertinent language of Condition 4:

4.    Other Insurance

If other valid and collectible insurance is available to the insured for a loss we cover under Coverages A or B of this Coverage Part, our obligations are limited as follows:

a.    Primary Insurance

This insurance is primary except when b. below applies.  If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary.  Then, we will share with all that other insurance by the method described in c. below.

b.    Excess Insurance

This insurance is excess over:

(1)    Any of the other insurance, whether primary, excess, contingent or on any other basis:

*    *    *

(d)    If the loss arises out of the maintenance or use of aircraft, "autos" or watercraft to the extent not subject to Exclusion g. of Section I - Coverage A - Bodily Injury and Property Damage Liability.

(2)    Any other primary insurance available to the insured covering liability for damages arising out of the premises or operations for which the insured has been added as an additional insured by attachment of an endorsement.

When this insurance is excess, we will have no duty under Coverages A or B to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit."  If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

When this insurance is excess over other insurance, we will pay only our share of the amount of the loss, if any, that exceeds the sum of:

(1)    The total amount that all such other insurance would pay for the loss in the absence of this insurance; and

(2)    The total of all deductible and self-insured amounts under all that other insurance.

We will share the remaining loss, if any, with any other insurance that is not described in this Excess Insurance provision and was not bought specifically to apply in excess of the Limits of Insurance shown in the Declarations of this Coverage Part.

c.    Method of Sharing

If all of the other insurance permits contribution by equal shares, we will follow this method also.  Under this approach each insurer contributes equal amounts until it has paid its applicable limit of insurance or none of the loss remains, whichever comes first.

If any of the other insurance does not permit contribution by equal shares, we will contribute by limits.  Under this method, each insurer's share is based on the ratio of its applicable limit of insurance to the total applicable limits of insurance of all insurers.

**ANSWER:**    Smurfit admits only that the Policy contains an Other Insurance Clause and states that the clause speaks for itself.  Smurfit denies any allegations within paragraph 29 to the extent they are inconsistent with the terms of the Policy.

## COUNT I
### (No Coverage for Smurfit - No Contractual Right to Coverage)

30.    FSIC incorporates and restates the allegations stated in ¶¶ 1 through 29 as and for ¶ 30 as though the same were fully set forth herein.

**ANSWER:**    In response to this paragraph, Smurfit relies upon its responses to paragraphs 1 through 29 as if fully incorporated herein.

31.    Smurfit seeks defense and indemnity coverage under the Policy as an additional insured in relation to the Adams Complaint and the injuries suffered by Adams due to a fall at the Smurfit Facility.

**ANSWER:**    Smurfit admits the allegations within paragraph 31.

11

32.     Smurfit bases its demand for coverage upon the Contract and the Policy.

**ANSWER:**     Smurfit admits that it bases its demand for coverage in part upon the Contract and the Policy.

33.     Smurfit is not a party to the Contract and, therefore, its alleged entitlement to the insurance obligations owed thereunder must arise, if at all, through its corporate relationship or a corporate transaction with Stone Container Corporation.

**ANSWER:**     Smurfit denies the allegations within paragraph 33.

34.     Smurfit has not demonstrated that it is entitled to make any demands regarding insurance obligations pursuant to the Contract and/or under the policy.

**ANSWER:**     Smurfit denies the allegations within paragraph 34.

35.     To the extent that Smurfit cannot demonstrate that it is entitled to assert or enforce the terms of the Contract relating to insurance coverage, no coverage will be owed under the Policy for any damages arising from Adams' accident at the Smurfit Facility.

**ANSWER:**     Smurfit denies the allegations within paragraph 35.


## COUNT I
### (No Coverage for Smurfit - The Designated Premises Endorsement)

36.     FSIC incorporates and restates the allegations stated in ¶¶ 1 through 29 as and for ¶ 36 as though the same were fully set forth herein.

**ANSWER:**     In response to this paragraph, Smurfit relies upon its responses to paragraphs 1 through 29 as if fully incorporated herein.

37.     Smurfit seeks defense and indemnity coverage under the Policy as an additional insured in relation to the Adams Complaint and the injuries suffered by Adams due to a fall at the Smurfit Facility.

**ANSWER:**     Smurfit admits the allegations within paragraph 37.

1156285.1

38.     Pursuant to the Designated Premises Endorsement, the Policy provides coverage only for damages arising from the ownership, maintenance, or use of premises shown in the Schedule listed on the endorsement and to operations necessary or incidental to those premises. The Schedule defines the designated premises by use of the phrase "as per on file with the company."

**ANSWER:**     Smurfit admits only that the Policy contains two Designated Premises Endorsements and that the endorsements speak for themselves.  Smurfit denies any allegations within paragraph 38 to the extent they are inconsistent with the terms of the Policy.

39.     The Smurfit Facility is not listed in the Schedule and is not otherwise on file with FSIC and, therefore, it is not a designated premises for which coverage is afforded under the Policy.

**ANSWER:**     Smurfit admits only that the Policy contains two Designated Premises Endorsements and that the endorsements speak for themselves.  Smurfit denies any allegations within paragraph 39 to the extent they are inconsistent with the terms of the Policy.

40.     Therefore, there is no coverage under the Policy for any damages arising from Adams' accident at the Smurfit Facility.

**ANSWER:**     Smurfit denies the allegations within paragraph 40.

## COUNT III
### (No Coverage for Smurfit - The Aircraft, Auto or Watercraft Exclusion)

41.     FSIC incorporates and restates the allegations stated in ¶¶ 1 through 29 as and for ¶ 41 as though the same were fully set forth herein.

**ANSWER:**     In response to this paragraph, Smurfit relies upon its responses to paragraphs 1 through 29 as if fully incorporated herein.

42.    Smurfit seeks defense and indemnity coverage under the Policy as an additional insured in relation to the Adams Complaint and the injuries suffered by Adams due to a fall at the Smurfit Facility.

**ANSWER:**    Smurfit admits the allegations within paragraph 42.

43.    As alleged in the Adams Complaint, his injuries arose during the course of inspecting and moving a trailer at the Smurfit Facility.

**ANSWER:**    Smurfit admits only that Adams was injured while in the process of inspecting the trailer.  Smurfit denies the remaining allegations with paragraph 43.

44.    Pursuant to the Aircraft, Auto or Watercraft Exclusion, the Policy does not apply to "bodily injury" arising out of the ownership, maintenance, use or entrustment to others of any "auto" owned or operated by or rented or loaned to any insured.  Use includes operation and "loading or unloading."

**ANSWER:**    Smurfit admits only that the Policy contains an Aircraft, Auto and Watercraft Exclusion and that the exclusion speaks for itself.  Smurfit denies any allegations within paragraph 44 to the extent they are inconsistent with the terms of the Policy.

45.    The trailer from which he fell qualifies as an "auto" which was being used or operated by Adams and/or Smurfit, each of whom are alleged to be insureds under the Policy, at the time of his fall.

**ANSWER:**    Smurfit denies the allegations of paragraph 45.

46.    Therefore, the Aircraft, Auto or Watercraft Exclusion bars coverage under the Policy for any damages incurred by Smurfit arising from Adams' accident at the Smurfit Facility.

**ANSWER:**    Smurfit denies the allegations of paragraph 46.

1156285.1

<u>COUNT IV</u>
**(No Coverage for Smurfit - The Employer's Liability Exclusion)**

47.    FSIC incorporates and restates the allegations stated in ¶¶ 1 through 29 as and for

¶ 47 as though the same were fully set forth herein.

**ANSWER:**    In response to this paragraph, Smurfit relies upon its responses to paragraphs 1
through 29 as if fully incorporated herein.

48.    Smurfit seeks defense and indemnity coverage under the Policy as an additional

insured in relation to the Adams Complaint and the injuries suffered by Adams due to a fall at the

Smurfit Facility.

**ANSWER:**    Smurfit admits the allegations within paragraph 48.

49.    As alleged in the Adams Complaint, he was an employee of Core Carriers or

National Freight, Inc d/b/a Core Carriers at the time of the accident.

**ANSWER:**    Smurfit admits the allegations within paragraph 49.

50.    As alleged in the Adams Complaint he was performing work at the Smurfit

Facility pursuant to the Contract which set forth the terms under which employees were leased to

Smurfit to work at the Smurfit Facility at a specified rate per man-hour.

**ANSWER:**    Smurfit states that the Adams Complaint speaks for itself and denies any
allegations that are inconsistent with the Adams Complaint.

51.    Pursuant to the Employer's Liability Exclusion, the Policy does not apply to

"bodily injury" to an "employee" of the insured sustained in the "workplace" or to "bodily

injury" to an "employee" of the insured arising out of the performance of duties related to the

conduct of the insured's business.

**ANSWER:**    Smurfit admits only that the Policy contains an Employer's Liability Exclusion
and states that the exclusion speaks for itself.  Smurfit denies any allegations
within paragraph 51 to the extent they are inconsistent with the terms of the
Policy.

1156285.1

52.     As an employee leased by Smurfit from Core Carriers and/or National Freight, Inc. d/b/a Core Carriers, Adams qualifies as an "employee" of Smurfit for purposes of coverage considerations under the Policy.

**ANSWER:**     Smurfit denies the allegations within paragraph 52.

53.     Therefore, Employer's Liability Exclusion bars coverage under the Policy for any damages incurred by Smurfit arising from Adams' accident at the Smurfit Facility.

**ANSWER:**     Smurfit denies the allegations within paragraph 53.

## COUNT V
### (No Coverage for Smurfit - Breach of Notice Obligations)

54.     FSIC incorporates and restates the allegations stated in ¶¶ 1 through 29 as and for ¶ 54 as though the same were fully set forth herein.

**ANSWER:**     In response to this paragraph, Smurfit relies upon its responses to paragraphs 1 through 29 as if fully incorporated herein.

55.     Smurfit seeks defense and indemnity coverage under the Policy as an additional insured in relation to the Adams Complaint and the injuries suffered by Adams due to a fall at the Smurfit Facility.

**ANSWER:**     Smurfit admits the allegations within paragraph 55.

56.     As alleged in the Adams Complaint, his injuries arose from a fall in December 2002.

**ANSWER:**     Smurfit states that the Adams Complaint speaks for itself and denies any allegations that are inconsistent with the Adams Complaint.

57.     The Adams Complaint was filed in December 2006 in relation to injuries arising from the December 2002 accident.

**ANSWER:**     Smurfit states that the Adams Complaint speaks for itself and denies any allegations that are inconsistent with the Adams Complaint.

1156285 1

58.     First notice to FSIC of the December 2002 accident and of the Adams Complaint was not provided until June 2007.

**ANSWER:**    Smurfit lacks knowledge or information sufficient to form a belief as to the truth of the allegations within paragraph 58 and therefore, neither admits nor denies the same.

59.     Pursuant to the notice provisions of the Policy, an insured is required to provide timely notice of "occurrences," "claims" and "suits."

**ANSWER:**    Smurfit admits that the Policy contains a notice provision and that the Policy speaks for itself.  Smurfit denies any allegations within paragraph 59 to the extent they are inconsistent with the terms of the Policy.

60.     Smurfit has breached the notice obligations under the Policy by failing to provide proper notice with respect to either the December 2002 accident or the Adams Complaint.

**ANSWER:**    Smurfit denies the allegations within paragraph 60.

61.     Therefore, there is no coverage under the Policy for any damages arising from Adams' accident at the Smurfit Facility.

**ANSWER:**    Smurfit denies the allegations within paragraph 61.

## COUNT VI
### (No Coverage for Smurfit - Voluntary Payments/Pre-Tender Costs)

62.     FSIC incorporates and restates the allegations stated in ¶¶ 1 through 29 as and for ¶ 62 as though the same were fully set forth herein.

**ANSWER:**    In response to this paragraph, Smurfit relies upon its responses to paragraphs 1 through 29 as if fully incorporated herein.

63.     Smurfit seeks defense and indemnity coverage under the Policy as an additional insured in relation to the Adams Complaint and the injuries suffered by Adams due to a fall at the Smurfit Facility.

**ANSWER:**    Smurfit admits the allegations within paragraph 63.

1156285.1

64.    The Adams Complaint was filed in December 2006 in relation to injuries arising from the December 2002 accident.

**ANSWER:**    Smurfit states that the Adams Complaint speaks for itself and denies any allegations that are inconsistent with the Adams Complaint.

65.    First notice to FSIC of the December 2002 accident and of the Adams Complaint was not provided until June 2007.

**ANSWER:**    Smurfit lacks knowledge or information sufficient to form a belief as to the truth of the allegations within paragraph 65 and therefore, neither admits nor denies the same.

66.    Pursuant to the term of the Self-Insured Retention Endorsement, if a "claim" or "suit" appear likely to exceed the Self-Insured Retention, no "defense costs" shall be incurred on behalf of FSIC without the prior consent of FSIC.

**ANSWER:**    Smurfit admits only that the Policy contains a Self-Insured Retention Endorsement and the endorsement speaks for itself. Smurfit denies any allegations within paragraph 66 to the extent they are inconsistent with the terms of the Policy.

67.    FSIC was not provided notice of, and did not consent to, any costs incurred by Smurfit prior to June 2007.

**ANSWER:**    Smurfit lacks knowledge or information sufficient to form a belief as to the truth of the allegations within paragraph 67 and therefore, neither admits nor denies the same.

68.    Therefore, to the extent that there is coverage under the Policy at all, there is no coverage under the Policy for any costs incurred by Smurfit in relation to the December 2002 accident and/or the Adams Complaint in excess of the Self-Insured Retention.

**ANSWER:**    Smurfit denies the allegations with paragraph 68.

## COUNT VII
### (Excess or Limited Coverage for Smurfit - Other Insurance)

69.     FSIC incorporates and restates the allegations stated in ¶¶ 1 through 29 as and for

¶ 69 as though the same were fully set forth herein.

**ANSWER:**     In response to this paragraph, Smurfit relies upon its responses to paragraphs 1
through 29 as if fully incorporated herein.

70.     Smurfit seeks defense and indemnity coverage under the Policy as an additional

insured in relation to the Adams Complaint and the injuries suffered by Adams due to a fall at the

Smurfit Facility.

**ANSWER:**     Smurfit admits the allegations within paragraph 70.

71.     As alleged in the Adams Complaint, his injuries arose from a fall in December

2002 during the course of inspecting and moving a trailer at the Smurfit Facility.

**ANSWER:**     Smurfit states that the Adams Complaint speaks for itself and denies any
allegations that are inconsistent with the Adams Complaint.

72.     The trailer from which he fell qualifies as an "auto" which was being used or

operated by Adams and/or Smurfit at the time of his fall.

**ANSWER:**     Smurfit denies the allegations within paragraph 72.

73.     To the extent that the Aircraft, Auto or Watercraft Exclusion does not bar coverage

under the Policy outright with respect to any damages incurred by Smurfit arising from Adams'

accident at the Smurfit Facility, then pursuant to Condition 4, the Policy applies in excess of

other applicable insurance.

**ANSWER:**     Smurfit denies the allegations within paragraph 73.

74.     In the alternative, to the extent that the Aircraft, Auto or Watercraft Exclusion

does not bar coverage under the Policy outright and the Policy does not apply in excess of other

applicable insurance, then pursuant to Condition 4 of the Policy, the obligations under the Policy are to be shared with other applicable coverage available to Smurfit in relation to this matter.

**ANSWER:**    Smurfit denies the allegations within paragraph 74.

### COUNT VIII
#### (Extent of Coverage for Smurfit - Coverage Only Liability Arising from Named Insured's Work)

75.    FSIC incorporates and restates the allegations stated in ¶¶ 1 through 29 as and for ¶ 75 as though the same were fully set forth herein.

**ANSWER:**    In response to this paragraph, Smurfit relies upon its responses to paragraphs 1 through 29 as if fully incorporated herein.

76.    Smurfit seeks defense and indemnity coverage under the Policy as an additional insured in relation to the Adams Complaint and its alleged liability in relation to the injuries suffered by Adams.

**ANSWER:**    Smurfit admits the allegations within paragraph 76.

77.    To the extent that coverage for Smurfit is to be provided under the Policy as an additional insured, it is provided only in relation to liability it incurs in relation to Core Carriers' or National Freight, Inc. d/b/a Core Carriers' work under the Contract.  Coverage is not provided under the Policy in relation to Smurfit's liability that arises from its own negligence or the negligence of any party other than a party qualifying as a named insured under the Policy.

**ANSWER:**    Smurfit states that the Policy affords coverage per its terms, provisions and conditions and the Policy speaks for itself.  Smurfit denies the allegations of paragraph 77 to the extent they are inconsistent with the terms of the Policy.

78.    To the extent that Adams' injuries did not arise from the negligence of a party qualifying as a named insured, no coverage is available under the Policy to Smurfit for any

damages it incurs in relation to the Adams Complaint and its alleged liability in relation to the injuries suffered by Adams.

**ANSWER:**    Smurfit denies the allegations within paragraph 78.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the doctrines of laches, waiver, release, accord and satisfaction, estoppel, and/or unclean hands.

## SECOND AFFIRMATIVE DEFENSE

The Employers' Liability Exclusion does not preclude coverage under the Policy.

## THIRD AFFIRMATIVE DEFENSE

The Aircraft, Auto or Watercraft Exclusion does not preclude coverage under the Policy.

## FOURTH AFFIRMATIVE DEFENSE

The Designated Premises Endorsement does not preclude coverage under the Policy.

## FIFTH AFFIRMATIVE DEFENSE

Smurfit satisfied all conditions precedent to coverage including but not limited to timely notice to Plaintiff of the claim for which it is seeking coverage.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's complaint does not describe its claims with sufficient particularity to enable Smurfit to determine all of its defenses.  Smurfit therefore reserves its right to assert all defenses that may be pertinent to the Complaint once the precise nature of such claims is determined.

WHEREFORE, Smurfit respectfully requests that Plaintiff's Request for Relief be DENIED.

## COUNTERCLAIM

Defendant Smurfit as and for a counterclaim against Plaintiff alleges and shows to the Court as follows:

1156285.1

1.     Plaintiff issued Policy No. IRG 49032 (the "Policy") to Vineland Construction, Inc. of Hebron, Ohio for the policy period of October 1, 2002 to October 1, 2003.

2.     Smurfit has been named as a defendant in a lawsuit brought by Peter Adams in the Circuit Court of the Fourth Judicial Circuit, Duval County, Florida (the "Adams Complaint").

3.     Smurfit has demanded a defense and indemnification from Plaintiff for the Adams Complaint under the Policy.

4.     Plaintiff disputes that Smurfit is entitled to coverage with respect to the Adams Complaint.

5.     There presently exists an actual and bona fide dispute as to whether Smurfit is entitled to a defense and indemnification for the Adams Complaint under the Policy.

6.     The Adams Complaint for which Smurfit seeks coverage from Plaintiff alleges bodily injuries suffered by Adams as a result of a fall on or about December 2, 2002 as a Smurfit facility located at 9469 Eastport Road in Jacksonville, Florida (the "Smurfit Facility").

7.     Upon information and belief, Adams' fall actually took place on December 10, 2002.

8.     The Adams Complaint alleges that Adams slipped and fell off of a trailer into a concrete wall and onto the ground due to inadequate lighting and the non-existence of any handrails/ladders in the area of where the Plaintiff was working.

9.     The Adams Complaint alleges that at the time of the accident, Adams was an employee of National Freight.

10.     Upon information and belief, prior to his injury, Adams' employer, Core Carriers was purchased by National Freight which operated thereafter as National Freight d/b/a Core Carriers.

1156285.1

11.     On December 6, 2002, Stone Container Corporation entered into a contractor's agreement with Core Carriers (the "Contract").

12.     Stone Container Corporation changed its name to Smurfit-Stone Container Enterprises, Inc. in 2004.  Thus, Smurfit is a party to the Contract.

13.     The Adams Complaint alleges that Adams was working at the Smurfit Facility pursuant to the Contract at the time he was injured.

14.     Provision 5 of the Contract states as follows:

[Core Carriers] hereby agrees to indemnify, defend, save and hold [Smurfit], its parent, subsidiary and affiliated entities and their respective directors, officers, employees and agents, harmless from any and all claims, actions, causes of action, lawsuits, costs, expenses (including reasonable attorney's fees and expenses), damages and liabilities incurred or arising as a result of the performance or non-performance by [Core Carrier] of its duties hereunder or in any way arising from the contract or its performance or non-performance by [Core Carriers] of its duties hereunder or in any way arising from the contract or its performance, whether or not caused in whole or in part by any act, omission or default of [Smurfit]…

15.     Provision 6 of the Contract provides as follows:

Contractor shall, at its sole expense, procure and maintain in full force and effect throughout the term of this Agreement, through companies and agencies satisfactory to [Smurfit], the following insurance:

***

(b)     Comprehensive General Liability Insurance written on an occurrence form, including Broad Form Contractual Liability Insurance, Contractor's Protective Liability in Contractor's name, Broad Form Property Damage, and Completed Operations endorsements with not less than One Million Dollars ($1,000,000) per occurrence Combined Single Limit Exclusions for explosion, collapse and underground property (X, C and U) shall be deleted.  Such policy shall name Company as an Additional Insured…

1156285.1

16.     Pursuant to the terms of the Contract, Core Carries provided Smurfit with a Certificate of Insurance dated February 6, 2003, which identifies the Policy as providing coverage to Smurfit.  (See Certificate of Insurance attached as Exhibit A).

17.     The Policy contains an endorsement which adds 29 additional entities to the Policy as named insureds.  Included in that list of additional parties is "National Freight, Inc. d/b/a Core Carriers."

18.     The Policy contains the following Additional Insured Endorsement at form no. CG 20 33 07 98.  The endorsement is entitled "Additional Insured - Owners, Lessees or Contractors - Automatic Status When Required in Construction Agreement With You":

> **A.  Section II - Who Is An Insured** is amended to include as an insured any person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy.  Such person or organization is an additional insured only with respect to liability arising out of your ongoing operations performed for that insured…

19.     Pursuant to the Contract, the Certificate of Insurance and the Additional Insured Endorsement under the Policy, Smurfit is an additional insured.

20.     The Insuring Agreement of the Policy states as follows:

> a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.

21.     The Policy defines "bodily injury" as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time."

22.     The Adams Complaint alleges "bodily injury" within the meaning of the Policy.

23.     Accordingly, Plaintiff owes Smurfit a duty to defend and indemnify Smurfit with respect to the Adams Complaint under the Insuring Agreement of the Policy.

24

## COUNT I - DECLARATORY JUDGMENT

24.     Smurfit alleges Paragraph 1 through 23 as Paragraph 24 of Count I.

25.     Smurfit is entitled to a declaration that Plaintiff owes Smurfit a duty to defend and indemnify Smurfit with respect to the Adams Complaint.

26.     Smurfit is entitled to a declaration that the Policy covers all claims against Smurfit within the Adams Complaint.

## COUNT II - BREACH OF CONTRACT

27.     Smurfit alleges Paragraph 1 through 23 as Paragraph 27 of Count II.

28.     Smurfit has satisfied all conditions precedent to coverage under the Policy.

29.     The injuries alleged in the Adams Complaint are covered under the Policy.

30.     Plaintiff has refused to defend and/or indemnify Smurfit with respect to the Adams Complaint.

31.     Accordingly, Plaintiff has breached its contract and obligation under the Policy.

32.     Smurfit has incurred expenses as a direct and proximate result of the breach.

WHEREFORE, Smurfit prays:

A.     That this Court determine and adjudicate the rights and liabilities of the parties hereto with respect to the Policy.

B.     That this Court find and declare that the Policy cover all claims against Smurfit contained with the Adams Complaint.

C.     That this Court find and declare that Plaintiff has a duty to defend and indemnify Smurfit for all claims against it in the Adams Complaint.

D.     For such monetary damages as Smurfit establishes at trial, together with prejudgment and post-judgment interest.

1156285.1

E.     That this Court grant such other and further relief as it deems proper under the evidence and circumstances.


/s/  Colleen A. Brown

Colleen A. Brown


JOHN T. GROARK
ARDC #3124374
jgroark@clausen.com
COLLEEN A. BROWN
ARDC #6269463
cbrown@clausen.com
CLAUSEN MILLER P.C.
Firm I.D. No. 90181
10 South LaSalle Street
Chicago, Illinois 60603-1098
312/855-1010
Attorneys for DEFENDANT

1156285.1

## **CERTIFICATE OF SERVICE AND NOTICE OF ELECTRONIC FILING**

The undersigned hereby certifies that she caused true and correct copies of the following:

1.      Defendants' Answer to Complaint and Counterclaim

to be electronically filed with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all counsel of record on the 10th of December, 2007.


/s/  Colleen A. Brown

Colleen A. Brown


JOHN T. GROARK
ARDC #3124374
jgroark@clausen.com
COLLEEN A. BROWN
ARDC #6269463
cbrown@clausen.com
CLAUSEN MILLER P.C.
Firm I.D. No. 90181
10 South LaSalle Street
Chicago, Illinois 60603-1098
312/855-1010
Attorneys for DEFENDANT

1156285 1