IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| FIRST SPECIALTY INSURANCE CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 07 C 6248 |
| SMURFIT-STONE CONTAINER ENTERPRISES f/k/a SMURFIT-STONE CONTAINER CORPORATION, | ) ) ) ) | Judge Gottschall Magistrate Judge Cox |
| Defendant. | ) ) | |

**FIRST SPECIALTY INSURANCE CORPORATION'S ANSWER
AND AFFIRMATIVE DEFENSES TO COUNTERCLAIM AND RESPONSE
TO SMURFIT AFFIRMATIVE DEFENSES**

NOW COMES Plaintiff, First Specialty Insurance Corporation ("FSIC"), by and through its attorneys, LITCHFIELD CAVO LLP, and for its Answer and Affirmative Defenses to the Counterclaim of Defendant, Smurfit-Stone Container Enterprises, Inc. ("Smurfit") and its Response to the Affirmative Defenses asserted by Defendant Smurfit states as follows:

**ANSWER AND AFFIRMATIVE DEFENSES TO THE COUNTERCLAIM**

1.   Plaintiff issued Policy No. IRG 49032 (the "Policy") to Vineland Construction, Inc. of Hebron, Ohio for the policy period of October 1, 2002 to October 1, 2003.

**Answer**:   FSIC admits that it issued Policy No. IRG 49032 to Vineland Construction, Inc. of Hebron, Ohio for the policy period of October 1, 2002 to October 1, 2003 and states that such policy speaks for itself and is the best evidence of its contents.

2.   Smurfit has been named as a defendant in a lawsuit brought by Peter

Adams in the Circuit Court of the Fourth Judicial Circuit, Duval County, Florida (the "Adams Complaint").

**Answer**: FSIC admits the allegations of Paragraph 2 of the Smurfit Counterclaim.

3. Smurfit has demanded a defense and indemnification from Plaintiff for the Adams Complaint under the Policy.

**Answer**: FSIC admits that Smurfit has demanded a defense and indemnification from FSIC for the Adams Complaint and denies that any such obligations are owed under the Policy.

4. Plaintiff disputes that Smurfit is entitled to coverage with respect to the Adams Complaint.

**Answer**: FSIC admits the allegations of Paragraph 4 of the Smurfit Counterclaim.

5. There presently exists an actual and bona fide dispute as to whether Smurfit is entitled to a defense and indemnification for the Adams Complaint under the Policy.

**Answer**: FSIC admits the allegations of Paragraph 5 of the Smurfit Counterclaim.

6. The Adams Complaint for which Smurfit seeks coverage from Plaintiff alleges bodily injuries suffered by Adams as a result of a fall on or about December 2, 2002 as a Smurfit facility located at 9469 Eastport Road in Jacksonville, Florida (the "Smurfit Facility").

**Answer**: FSIC admits the allegations of Paragraph 6 of the Smurfit Counterclaim.

7. Upon information and belief, Adams' fall actually took place on December 10, 2002.

**Answer**: FSIC lacks sufficient information as to the truth or falsity of the allegations

of Paragraph 7 of the Smurfit Counterclaim and, therefore, denies same and demands strict proof thereof.

8.      The Adams Complaint alleges that Adams slipped and fell off a trailer into a concrete wall and onto the ground due to inadequate lighting and non-existence of any handrails/ladders in the area of where the Plaintiff was working.

**Answer**:    FSIC states that the Adams Complaint speaks for itself and denies any allegations contained in Paragraph 8 of the Smurfit Counterclaim that are inconsistent with the Adams Complaint.

9.      The Adams Complaint alleges that at the time of the accident, Adams was an employee of National Freight.

**Answer**:    FSIC states that the Adams Complaint speaks for itself and denies any allegations contained in Paragraph 9 of the Smurfit Counterclaim that are inconsistent with the Adams Complaint.

10.     Upon information and belief, prior to his injury, Adams' employer, Core Carriers was purchased by National Freight which operated thereafter as National Freight d/b/a Core Carriers.

**Answer**:    FSIC lacks sufficient information as to the truth or falsity of the allegations of Paragraph 10 of the Smurfit Counterclaim and, therefore, denies same and demands strict proof thereof.

11.     On December 6, 2002, Stone Container Corporation entered into a contractor's agreement with Core Carriers (the "Contract").

**Answer**:    FSIC lacks sufficient information as to the truth or falsity of the allegations of Paragraph 11 of the Smurfit Counterclaim and, therefore, denies same and demands

strict proof thereof.

12    Stone Container Corporation changed its name to Smurfit-Stone Container Enterprises, Inc. in 2004.  Thus, Smurfit is a party to the Contract.

**Answer**:    FSIC lacks sufficient information as to the truth or falsity of the allegations of Paragraph 12 of the Smurfit Counterclaim and, therefore, denies same and demands strict proof thereof.

13.    The Adams Complaint alleges that Adams was working at the Smurfit Facility pursuant to the Contract at the time he was injured.

**Answer**:    FSIC states that the Adams Complaint speaks for itself and denies any allegations contained in Paragraph 13 of the Smurfit Counterclaim that are inconsistent with the Adams Complaint.

14.    Provision 5 of the Contract states as follows;

> [Core Carriers] hereby agrees to indemnify, defend, save and hold [Smurfit], its parent, subsidiary and affiliated entities and their respective directors, officers, employees and agents, harmless from any and all claims, actions, causes of action, lawsuits, costs, expenses (including reasonable attorney's fees and expenses), damages and liabilities incurred or arising as a result of the performance or non-performance by [Core Carrier] of its duties hereunder or in any way arising from the contract or its performance or non-performance by [Core Carriers] of its duties hereunder or in any way arising from the contract or its performance, whether or not caused in whole or in part by any act, omission or default of [Smurfit]…

**Answer**:    FSIC states that the Contract speaks for itself and denies any allegations contained in Paragraph 14 of the Smurfit Counterclaim that are inconsistent with the terms of the Contract.

15.    Provision 6 of the Contract provides as follows:

> Contract shall, as its sole expense, procure and maintain in full

4

>force and effect throughout the term of this Agreement, through companies and agencies satisfactory to [Smurfit], the following insurance:
>
> ***
>
>(b)  Comprehensive General Liability Insurance written on an occurrence form, including Broad Form Contractual Liability Insurance, Contractor's Protective Liability in Contractor's name, Broad Form Property Damage, and Completed Operations endorsements with not less than One Million Dollars (1,000,000) per occurrence Combined Single Limit Exclusions for explosion, collapse and underground property (X, C and U) shall be deleted. Such policy shall name Company as an Additional Insured…

**Answer**:   FSIC states that the Contract speaks for itself and denies any allegations contained in Paragraph 15 of the Smurfit Counterclaim that are inconsistent with the terms of the Contract.

16. Pursuant to the terms of the Contract, Core Carriers provided Smurfit with a Certificate of Insurance dated February 6, 2003, which identifies the Policy as providing coverage to Smurfit. (See Certificate of Insurance attached as Exhibit A).

**Answer**:   FSIC admits that a copy of a Certificate of Insurance is attached as an exhibit to the Smurfit Counterclaim, which document speaks for itself. FSIC denies that such Certificate of Insurance confers any rights upon Smurfit or creates any obligations on the part of FSIC or any coverage under the Policy. FSIC lacks sufficient information as to the truth or falsity of the remaining allegations of Paragraph 16 of the Smurfit Counterclaim and, therefore, denies same and demands strict proof thereof.

17. The Policy contains an endorsement which adds 29 additional entities to the Policy as named insureds. Included in that list of additional parties is "National Freight, Inc. d/b/a Core Carriers."

**Answer**:   FSIC admits the allegations of Paragraph 17 of the Smurfit Counterclaim.

18.   The Policy contains the following Additional Insured Endorsement at form no. CG 20 33 07 98.  The endorsement is entitled "Additional Insured – Owners, Lessees or Contractors – Automatic Status When Required in Construction Agreement with You".

> **A.  Section II – Who Is An Insured** is amended to include as an insured any person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy. Such Person or organization is an additional insured only with respect to liability arising out of your ongoing operations performed for that insured…

**Answer**:   FSIC admits that the Policy contains Form No. CG 20 33 07 98 which is entitled "Additional Insured – Owners, Lessees or Contractors – Automatic Status When Required in Construction Agreement with You" and states that the form speaks for itself. FSIC denies that any coverage is provided or potentially provided to Smurfit as a an additional insured pursuant to the inclusion of such form in the Policy since the Contract at issue is not a Construction Agreement and, therefore, Form No. CG 20 33 07 98 does not apply.

19.   Pursuant to the Contract, the Certificate of Insurance and the Additional Insured Endorsement under the Policy, Smurfit is an additional insured.

**Answer**:   FSIC denies any and all allegations of Paragraph 19 of the Smurfit Counterclaim.

20.   The Insuring Agreement of the Policy states as follows:

> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have

6

> the right and duty to defend the insured against any "suit" seeking those damages.

**Answer**: FSIC admits Paragraph 20 of the Smurfit Counterclaim sets forth an incomplete portion of the insuring agreement that applies to Coverage A of the Policy, states that such policy speaks for itself and is the best evidence of its contents, and denies any allegations contained in Paragraph 20 of the Smurfit Counterclaim that are inconsistent with the terms of the Policy.

21. The Policy defines "bodily injury" as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time."

**Answer**: FSIC admits the allegations of Paragraph 21 of the Smurfit Counterclaim.

22. The Adams Complaint alleges "bodily injury" within the meaning of the Policy.

**Answer**: FSIC admits that the Adams Complaint contains allegations of "bodily injury" as such term is defined by the Policy. FSIC denies that there is coverage under the Policy for Smurfit in connection with such alleged "bodily injury".

23. Accordingly, Plaintiff owes Smurfit a duty to defend and indemnify Smurfit with respect to the Adams Complaint under the Insuring Agreement of the Policy.

**Answer**: FSIC denies any and all allegations of Paragraph 23 of the Smurfit Counterclaim.

## COUNT I – DECLARATORY JUDGMENT

24. Smurfit alleges paragraph 1 through 23 as paragraph 24 of Count I.

**Answer**: FSIC restates its Answers to Paragraphs 1 through 23 as and for its response to Paragraph 24 of Count I of the Smurfit Counterclaim as though fully stated herein.

25. Smurfit is entitled to a declaration that Plaintiff owes Smurfit a duty to defend and indemnify Smurfit with respect to the Adams Complaint.

**Answer**: FSIC denies any and all allegations of Paragraph 25 of the Smurfit Counterclaim.

26. Smurfit is entitled to a declaration that the Policy covers all claims against Smurfit within the Adams Complaint.

**Answer**: FSIC denies any and all allegations of Paragraph 26 of the Smurfit Counterclaim.

## COUNT II – BREACH OF CONTRACT

27. Smurfit alleges Paragraph 1 through 23 as Paragraph 27 of Count II.

**Answer**: FSIC restates its Answers to Paragraphs 1 through 23 as and for its response to Paragraph 27 of Count II of the Smurfit Counterclaim as though fully stated herein.

28. Smurfit has satisfied all conditions precedent to coverage under the Policy.

**Answer**: FSIC denies any and all allegations of Paragraph 28 of the Smurfit Counterclaim.

29. The injuries alleged in the Adams Complaint are covered under the Policy.

**Answer**: FSIC denies any and all allegations of Paragraph 29 of the Smurfit Counterclaim.

30. Plaintiff has refused to defend and/or indemnify Smurfit with respect to the Adams Complaint.

**Answer**: FSIC admits that it has refused to defend and/or indemnify Smurfit with

respect to the Adams Complaint and denies that is has any obligation to do so under the Policy.

31. Accordingly, Plaintiff has breached its contract and obligation under the Policy.

**Answer**: FSIC denies any and all allegations of Paragraph 31 of the Smurfit Counterclaim.

32. Smurfit has incurred expenses as a direct and proximate result of the breach.

**Answer**: FSIC denies any and all allegations of Paragraph 32 of the Smurfit Counterclaim.

## AFFIRMATIVE DEFENSES

First Specialty Insurance Corporation ("FSIC"), by and through its attorneys, LITCHFIELD CAVO LLP, for its Affirmative Defenses to the Counterclaim of Defendant, Smurfit-Stone Container Enterprises, Inc. ("Smurfit"), states as follows:

### FIRST AFFIRMATIVE DEFENSE

Smurfit is not entitled to coverage as an additional insured because it is not a party to the Contract and it has not demonstrated that it is entitled to make any demands regarding insurance obligations pursuant to the Contract and/or under the Policy.

### SECOND AFFIRMATIVE DEFENSE

The Smurfit Facility is not listed in the Schedule and is not otherwise on file with FSIC and, therefore, it is not a designated premises for which coverage is afforded under the Policy.

**THIRD AFFIRMATIVE DEFENSE**

The Aircraft, Auto or Watercraft Exclusion bars coverage under the Policy for any damages incurred by Smurfit arising from Adams' accident at the Smurfit Facility.

**FOURTH AFFIRMATIVE DEFENSE**

The Employer's Liability Exclusion bars coverage under the Policy for any damages incurred by Smurfit arising from Adams' accident at the Smurfit Facility.

**FIFTH AFFIRMATIVE DEFENSE**

Smurfit has breached the notice obligations under the Policy by failing to provide proper notice with respect to either the December 2002 accident or the Adams Complaint and, therefore, there is no coverage under the Policy for any damages arising from Adams' accident at the Smurfit Facility.

**SIXTH AFFIRMATIVE DEFENSE**

Pursuant to the term of the Self-Insured Retention Endorsement, if a "claim" or "suit" appear likely to exceed the Self-Insured Retention, no "defense costs" shall be incurred without the prior consent of FSIC and, therefore, there is no coverage under the Policy for any costs incurred by Smurfit in relation to the December 2002 accident and/or the Adams Complaint in excess of the Self-Insured Retention which were incurred by Smurfit prior to June 2007.

**SEVENTH AFFIRMATIVE DEFENSE**

Pursuant to Condition 4., any coverage provided by the Policy applies in excess of other applicable insurance or, in the alternative, the obligations under the Policy are to be shared with other applicable coverage available to Smurfit in relation to this

matter.

## **EIGHTH AFFIRMATIVE DEFENSE**

To the extent that coverage for Smurfit is to be provided under the Policy as an additional insured, it is provided only in relation to liability it incurs in relation to Core Carriers' or National Freight, Inc. dba Core Carriers' work under the Contract.

WHEREFORE, FSIC, requests a judgment pursuant to 28 U.S.C. § 2201 against Smurfit declaring and awarding the following relief:

A.　Declaring that FSIC has no duty or obligation under the Policy to defend or indemnify Smurfit with respect to the Adams Complaint or for any other claims or demands made in relation to the injuries suffered by Adams;

B.　Declaring, in the alternative, the extent of coverage to be provided to Smurfit under the Policy with respect to the Adams Complaint or for any other claims or demands made in relation to the injuries suffered by Adams; and

C.　For such other declaratory relief as the Court deems appropriate.

## **RESPONSE TO SMURFIT AFFIRMATIVE DEFENSES**

FSIC denies each and every allegation stated by Smurfit in the Affirmative Defenses it has asserted in response to FSIC's Complaint for Declaratory Judgment.

Dated:     12/28/07

FIRST SPECIALTY INSURANCE CORPORATION

By:    /s/ Brian M. Reid
     One of its Attorneys

Brian M. Reid (ID # 6216739)
**LITCHFIELD CAVO LLP**
303 W. Madison Street
Suite 300
Chicago, Illinois 60606
(312) 781-6617 (Reid)
(312) 781-6630 (Fax)